THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| **JOANNE CECILIA-RODRIGUEZ DE JESUS,**<br><br>    **Plaintiff,**<br>    **v.**<br><br>**XJTT HOSPITALITY, INC.,**<br><br>    **Defendant.** | **Civil No. 21-1083 (ADC)** |

**OPINION AND ORDER**

Before this Court is plaintiff's Joanne Cecilia Rodríguez-De Jesús' ("plaintiff") motion to remand to the Puerto Rico State Court and request for attorney's fees and cost. **ECF No. 7**. For the following reasons, plaintiff's motion is **GRANTED** in part, and **DENIED** in part.

**I.   Background**

On December 10, 2020, plaintiff filed a petition in the Puerto Rico Court of First Instance of Mayagüez ("State Court") for injunctive relief against defendant.[1] **ECF No. 14-1**. On January 22, 2021, plaintiff and defendant appeared before the State Court for a preliminary injunction hearing. **ECF No. 14-2.**

On February 19, 2021, however, defendant filed a notice of removal claiming the State Court case was removable under 28 U.S.C.A. § 1441 because the "asserted claims are strictly predicated upon the Americans With Disabilities Act's provisions." **ECF No. 1** at 3**.** On even

---

[1] Civil Case No. MZC2020CV1236.

date, plaintiff filed a motion to remand the case back to State Court. **ECF No. 7.** Defendant responded at **ECF No. 11**.

## II.     Legal Standard

28 U.S.C. § 1441 governs removal for diversity cases, most federal questions, and non-diverse claims joined with federal questions. The procedure for accomplishing removal is laid out in 28 U.S.C. § 1446. According to § 1446, the notice of removal of a civil action or proceeding

> shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within 30 days after the service of summons upon the defendant if such initial pleading has been filed in court and is not required to be served to defendant, whichever period is shorter.

28 U.S.C. § 1446.

The receipt of the initial pleading by the defendant requires the formality of a summons or otherwise. *Murphy Brothers, Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 1325 (1999). It is not sufficient to simply provide to the defendant with the initial pleading. *Id.* A named defendant's time to move for removal is "triggered by simultaneous service of the summons and complaint, or receipt of the complaint, 'through service or otherwise,' after and apart from service of the summons, but not by mere receipt of the complaint unattended by any formal service." *Id.* at 1326-1330.

A plaintiff who believes the removal to be improper must request the federal court to return the lawsuit to state court through a process known as "remand." *Powerex Corp. v. Reliant*

*Energy Servs., Inc.*, 551 U.S. 224, 229 (2007). The Judicial Code in §1447(c) establishes that a remand

> on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446(a). If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded. An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal. A certified copy of the order of remand shall be mailed by the clerk to the clerk of the State court. The State court may thereupon proceed with such case.

28 U.S.C. § 1447. The burden of proof on a motion to remand lies on the removing party. *Massachusetts School of Law at Andover, Inc. v. American Bar Ass'n*, 142 F.3d 26, 33 (1st Cir. 1998).

### III.    Discussion

Plaintiff argues that defendant failed to introduce the complete record with their notice of removal, that the removal was untimely and, alternatively, that the removal was improperly logged for the sole purpose of avoiding a hearing set by the State Court to take place on February 24, 2021. **ECF No. 7** at 2. In response to plaintiff's motion to remand, among other arguments, defendant contends that summons was not properly delivered, therefore, the thirty-day period to move for removal has yet to start running in this case. **ECF No. 11.** Thus, according to defendant, the removal is timely. Because failure to file a notice of removal within the statute's limitation is fatal, the Court will address this issue as a threshold matter.

Although defendant referred to caselaw in their response, it failed to provide factual grounds in support of its contention that they were not served. *Id*. That is, aside from a single

line asserting without more that "a proper delivery of summons was not made [,]" nothing in defendant's response stands for the proposition that plaintiff failed to serve summons properly. *Id*. at 4. Additionally, contrary to defendant's vague contention, the record tells a different story.

Pursuant to the information available in the docket, plaintiff served process upon defendant on December 26, 2020 through defendant's receptionist. **ECF No. 14-1**. According to Puerto Rico's State Department Registry of Corporations and Entities, XJTT Hospitality, Inc. designates Xavier Ramírez as a company official in the capacity of treasurer. **ECF No. 1-2.** Per the summons submitted, Xavier Ramírez authorized defendant's receptionist to accept summons. **ECF No. 14-1.** "In the case of a corporation, personal service is made by delivering a copy of the summons and complaint to… any other agent authorized by **appointment**… to receive service of process. Rule 4.4(e) of Civil Procedure." *Hach Co. v. Pure Water Sys., Inc.*, 14 P.R. Offic. Trans. 78 (1983) (emphasis added). Thus, on its face and considering the fact that it was defendant's burden to show otherwise, the requisite formalities of notice under which the period for removal starts to run was indeed satisfied by plaintiff. **ECF No. 14-1**; *See Murphy*, 526 U.S. at 1325 (1999). Therefore, based on the record, the thirty-day time limit to present notice of removal began to run its course on the date summons were served to defendant, December 26, 2020. Yet, defendant filed the notice of removal on February 19, 2021, well over the thirty-days after December 26, 2020. **ECF No. 1.**

Not only does the record show that service was effectuated through a receptionist at defendant's place of business under the auspice of the company's treasurer, **ECF No. 14-1,** it also

suggests that defendant voluntarily submitted to the jurisdiction of the State Court. To wit, defendant appeared before the State Court for a preliminary injunction hearing. **ECF No. 14-2.** Under Puerto Rico law "if the new party appears voluntarily and, through a substantial act, becomes a party to the action, he thereby submits to the jurisdiction of the court and renders unnecessary the Rule 4 service and process requirement." *Echevarría-Jiménez v. Sucn. Pérez-Meri*, 23 P.R. Offic. Trans. 581 (1989). Thus, faced with the lack of factual assertions in defendant's briefs before this Court, the Court is left to conclude that defendant voluntarily submitted to the jurisdiction of the State Court by appearing to substantive proceedings such as a preliminary injunction hearing.

Finally, defendant does not contest plaintiff's claims on the correctness of service of process in a meaningful way. **ECF No. 7 and 11.** Actually, plaintiff asserts they served defendants not once, but twice: the second time after the state court entered its scheduling order with a copy of the complaint, summons and court order were served anew. **ECF No. 7.** Defendant has failed to even address or contradict such facts. **ECF No. 11.** Naming statutes and citing caselaw unaccompanied by factual context is not sufficient to dispel plaintiff's assertion, which happens to be supported by the record. It is settled law that "Judges are not mind-readers, so parties must spell out their issues clearly highlighting the relevant facts and analyzing on-point authority." *Rodríguez v. Munic. of San Juan*, 659 F.3d 168, 175 (1st Cir. 2011). Likewise, the certified translation of the minutes of the State Court proceedings clearly show that defendant appeared represented

by Xavier Ramirez, General Manager, and are devoid of any argument upon which this Court may rely on in concluding that the service of process was defective or improper.[1] **ECF No. 14-2.**

Defendant's argument is further foreclosed by the fact that, as the removing party, defendant bares the burden to prove removal was warranted on a motion to remand. *Massachusetts School of Law at Andover*, 142 F.3d 26, 33 (1st Cir. 1998). In this case, defendant has failed to meet the threshold. **ECF No. 7.** Nothing in the record or defendant's pleadings shows or serves as a valid counter argument to plaintiff's contentions. Failure to move for removal within the period of §1446 is fatal. 28 U.S.C. § 1446. *See Murphy Brothers, Inc.*, 526 U.S. at 1325. Therefore, remand to state court is hereby warranted.

## IV. Attorney's Fees & Cost

Pursuant to 28 U.S.C. § 1447(c), "an order remanding the case may require payment of just costs and any actual expense, including attorneys' fees, incurred as a result of the removal." The standard for awarding fees is subject to the reasonableness of the removal. *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005). The Court may award fees only when "the removing party lacked an objectively reasonable basis for seeking removal. Conversely, when an objectively reasonable basis exists, fees should be denied." *Id.* Defendant moved for removal to District Court due to proceedings in State Court surrounding a federal question arising out of an act of Congress, the Americans with Disabilities Act. **ECF No. 1.** Considering defendant's motive for

---

[1] At the time defendant acknowledged having been served with summons on December 26, 2020 in the afternoon hours and requested the state court for a thirty-day extension in order to answer the complaint.

requesting removal this Court cannot find that imposing on removing party attorney's fees and costs is faithful to the purpose of § 1447. *Anctil v. Kick,* 167 F. Supp. 3d 266, 269 (D. Mass. 2016) (Holding that if a removing party had an objectively reasonable basis for seeking removal awarding attorney's fees and costs is unwarranted.)

Accordingly, plaintiff's request for attorney's fees and costs at **ECF No. 7** is hereby denied.

**V.    Conclusion**

Based on the above, Joanne Cecilia Rodríguez-De Jesús' motion is **GRANTED** in part and **DENIED** in part. **ECF No. 7.** Motion to remand to State Court is **GRANTED.** The request for attorney's fees and costs is **DENIED**. The Clerk of the Court shall enter judgment accordingly. The motion submitting certified translations at **ECF. 14** is **NOTED**. All remaining motions are hereby remanded.

    **SO ORDERED**.

At San Juan, Puerto Rico, on this 20th day of July 2021.

                                                **S/AIDA M. DELGADO-COLÓN**
                                                 **United States District Judge**